**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

| IN RE: | * | **CASE NO. 09-10646** |
|---|---|---|
| STEPHEN BANDI, | * | CHAPTER   7 |
| Debtor | * | SECTION    B |
| **CHRISTOPHER BECNEL,** | * | |
| Plaintiff | * | Adv. Proc. No. 09-1073 |
| Versus | * | |
| **STEPHEN BANDI,** | * | |
| Defendant | * | |

**OPPOSITION TO MOTION TO ALTER OR AMEND JUDGEMENT, MAKE ADDITIONAL FINDINGS OF FACT AND FOR NEW TRIAL**

**NOW INTO COURT,** comes plaintiff, Christopher Becnel, who opposes defendant's, Stephen Bandi's, Motion to Alter or Amend Judgment, Make Additional Findings of Fact and for New Trial.

Defendant's motion should be denied because he has failed to point to any change in controlling law or to any newly discovered evidence that, with reasonable diligence, could not have been discovered in time for trial. Stephen Bandi has likewise failed to show that the motion was necessary to prevent manifest injustice.

Federal Rule of Civil Procedure 59 provides for Altering or Amending of Judgments and for New Trials.  A district court may grant relief under Rule 59(e)(1) if an intervening change in controlling law occurs; if new evidence becomes available; or to correct a clear error or law or prevent manifest injustice. ***See In re Benjamin Moore & Co.***, 318 F.3d 626, 629 (5th Cir. 2002). Motions under Rule 59(e) "cannot be used to raise arguments which could, and should, have

been made before judgment issued." ***Elements Chromium L.P. v. Coastal States Petroleum Co.***, 450 F.3d 607, 610 (5th Cir. 2006) (citation omitted). A district court has "considerable discretion in deciding whether to grant or deny a motion to alter a judgment." ***Hale v. Townley***, 45 F.3d 914, 921 (5th Cir. 1995) (citations omitted).

Defendant, Charles Bandi, in his Motion to Alter or Amend Judgment requests:

1) That the Court amend and/or alter its ruling to find that 11 USC 523(a)(2)(A) and 11 USC 523(a)(2)(B) are mutual exclusive, or in the alternative, that the Court amends and/or alters its ruling to state its reasons for rejecting the mutually exclusive nature of the two statutes, and,
2) That the Court amend and/or alter its ruling to find that allegations made by Plaintiff at Paragraph 6 of its First Amended Complaint to be respecting to Defendant's Financial Condition under 11 USC 523 (a)(2), or in the alternative, that the Court amend and/or alter its ruling to state is reasons for treating the Paragraph 6 allegations as not respecting to Defendant's Financial Condition, and
3) That the Judgment following the April 22, 2010 trial be amended and/or altered to delete the determination that the debt owing to Christopher Becnel by Stephen John Bandi is non-dischargeable, or in the alternative, that the Court grants Defendant's Motion for New Trial and,
4) That the Court accepts into evidence the full depositions of Stephen John Bandi, Charles Edward Bandi, Toni Becnel and Christopher Becnel.

Stephen Bandi does not point to any change in controlling law or to any newly discovered evidence that, with reasonable diligence, could not have been discovered in time for trial. Stephen Bandi has likewise failed to show that the motion was necessary to prevent manifest injustice.

Further, defendant's Motion for a New Trial should be denied. Federal Rules of Civil Procedure Rule 59 (a) provides the grounds for a new trial   Rule 59(a) does not list specific grounds for a new trial. However, the United States Court of Appeals for the Fifth Circuit has held that a new trial may be granted if "the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course." ***Smith v. Transworld Drilling Co.***, 773 F.2d 610, 613 (5th Cir. 1985). The defendant

has failed to introduce any evidence that the verdict is against the weight of the evidence, the damages awarded are excessive, the trial was unfair, or prejudicial error was committed in its course.

## CONCLUSION

Defendant has not pointed to any change in controlling law or to any newly discovered evidence which could not have been discovered prior to trial.  Thus, defendant's Motion to Alter or Amend Judgment, Make Additional Findings of Fact and for New Trial should be denied.

Respectfully Submitted,

/S/ Kevin Klibert
BECNEL LAW FIRM, L.L.C.
KEVIN KLIBERT ( 26954)
106 W. 7th Street
P.O. Drawer H
Reserve, LA 70084
(985) 536-1186
Attorney for Christopher Becnel

and

/S/ Chance C. White
CHANCE C. WHITE (25534)
A Professional Law Corporation
104 Catherine Court
Laplace, Louisiana 70068
(504) 487-9161
Attorney for Christopher Becnel

# CERTIFICATE OF SERVICE

I hereby certify that a copy of the Opposition to Motion Defendant's Motion to Alter or Amend Judgment, Make Additional Findings of Fact and for New Trial  was served upon defendant, Stephen Bandi,  by placing same in the United States Mail, first class postage prepaid, on this 18th day of May 2010, addressed as follows:

Stephen Bandi
100 Atlantic Avenue
New Orleans, Louisiana 70114

Stephen Bandi
5224 Constance Street
New Orleans, Louisiana 70115

/s/ Chance White