UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE: | CASE NO. 09-10646 |
| STEPHEN JOHN BANDI | SECTION "B" |
| DEBTOR | CHAPTER 7 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| CHRISTOPHER BECNEL<br>    PLAINTIFF | |
| VERSUS | ADV. P. NO. 09-1073 |
| STEPHEN JOHN BANDI<br>    DEFENDANT | *consolidated for trial with* |
| CHRISTOPHER BECNEL<br>    PLAINTIFF | |
| VERSUS | ADV. P. NO. 09-1100 |
| CHARLES EDWARD BANDI<br>    DEFENDANT | |

## ORDER WITH REASONS

The matter came before the court on the motion of the debtor, Stephen Bandi's ("Bandi") to Reopen Adversary Proceeding (P-119), Complaint and Independent Action in Equity for Relief From Judgment (P-120), Motion to Disqualify, Stay Pending Motion to Reopen and Postpone Scheduled Hearing (P-121) and four separate motions for summary judgment (P-122), (P-123), (P-124), and (P-125).[1]

---

[1] Adversary proceeding 09-1073 was consolidated for trial with adversary proceeding 09-1100. The defendant in that case, Charles Bandi, is Stephen Bandi's brother. He is a debtor in bankruptcy case 09-11297 also in this court in Section A. The motion to reopen adversary proceeding was filed in both adversary cases and in Charles Bandi's main bankruptcy case, although it pertains only to the adversary proceedings.

For the reasons set forth below,

IT IS ORDERED that the Motion to Reopen Adversary Proceeding is DENIED.

IT IS FURTHER ORDERED that the remaining motions are denied as moot.

This matter began as an adversary proceeding filed by the plaintiff, Christopher Becnel, against the debtor, Bandi, seeking a judgment that the debt Bandi owed Becnel was non-dischargeable pursuant to §§ 523(a)(2) and 523(a)(6) of the Bankruptcy Code. On April 22, 2010, this court entered a final judgment holding that the debt was non-dischargeable pursuant to § 523(a)(2)(A). The debtor then filed a motion for new trial, and on July 14, 2010 this court entered an order with reasons denying the motion for new trial. Bandi then appealed to the district court, which entered an order dated March 10, 2011 affirming the judgment of this court. Bandi then appealed the district court's decision to the United States Court of Appeals for the Fifth Circuit, which entered an order dated July 18, 2012 affirming the judgment of the district court. While the case was on appeal to the Fifth Circuit, Bandi filed a Motion for Indicative Ruling on June 22, 2012 that the court denied by order dated July 3, 2012. After the Fifth Circuit ruled on his appeal, Bandi filed a petition for writ of certiorari to the United States Supreme Court, which was denied on January 8, 2013. The Fifth Circuit closed Bandi's case on March 18, 2015. Bandi filed a motion to reopen with the Fifth Circuit on March 20, 2015 seeking to reopen his case citing Federal Rules of Appellate Procedure 4 and 21. An order denying the motion to reopen was entered by the Fifth Circuit on March 30, 2015. Bandi then filed his motion to reopen in this court on April 9, 2015, his complaint on April 17, 2015, and his remaining motions on April 20, 2015.

In his motion to reopen, Bandi argues that a Motion for Writ Under FRAP 21(c) that he filed with the Fifth Circuit on July 6, 2012 after this court entered the July 3, 2012 order denying Bandi's June 22, 2012 Motion for Indicative Ruling was actually an appeal of this court's July 3, 2012 order and that this court should reopen this adversary proceeding to allow Bandi to proceed with an appeal of the Motion for Indicative Ruling. Bandi's arguments are unpersuasive to the court. The appeal to the District court and the further appeals of the district court's order divested this court of jurisdiction in this case. Bandi's request to now reopen the case to review the decisions of the Fifth Circuit are highly unusual, and he has not cited any convincing authority that would lead this court to take such an unusual step.

All litigation must eventually come to an end. This litigation between Bandi and his opponent ended with the Fifth Circuit closing Bandi's case and the denial of his motion to reopen in the Fifth Circuit on March 30, 2015. Bandi cannot start all over again with the same litigation in this court so his motion to reopen, and all the accompanying or connected pleadings, all of which seek the same goal - relitigation of an adjudicated issue by this court, the district court and the court of appeals - are denied or dismissed.

New Orleans, Louisiana, May 13, 2015.

Jerry A. Brown
U.S. Bankruptcy Judge